BOWEN W. SIMMONS, Retired Circuit Judge.
Petitioner-appellant, an indigent, was convicted in the circuit court of Jackson County of a homicide and sentenced to twelve years imprisonment in the penitentiary. Sometime prior to this conviction he was convicted in the federal court of an offense and was sentenced to the federal penitentiary for a short term of years, not over five years. The exact length of the sentence is not clear.
The federal court granted probation and revoked it when he was convicted of the homicide, but he remained in the State’s custody. This latter imprisonment was in the Jackson County Jail due to the crowded condition of the State penitentiary.
The conviction of homicide and the judgment therefor was on December 10, 1975. As we understand the record, the federal conviction was on March 15, 1973. Appellant did not appeal his State conviction and, as we read the record, he did not appeal the federal conviction.
On or about October 23, 1976, appellant-petitioner filed an instrument with Honorable Leigh M. Clark, who was the presiding judge at the homicide trial, supra. Judge Clark forwarded the instrument to the cir *52 cuit clerk of Jackson, where it was filed on October 26,1976, and heard by Judge Clark on November 5, 1976.
It appears that appellant’s petition was a pro se instrument which we will not undertake to label, but we will state the relief sought in the instrument.
As we view the instrument so filed, petitioner sought to get the circuit court to adjudge the State sentence to run concurrently with the federal sentence.
It also .appears in the record (both in the instrument and in a colloquy with the court) that the homicide victim had a brother in the Alabama penitentiary who had threatened to kill petitioner if he ever got a chance. Hence, he also petitioned the circuit judge to transfer him to the federal penitentiary to avoid the potential jeopardy of his life.
It appears also that petitioner did not have a lawyer, either employed or appointed, when the instant petition was heard before Judge Clark. Under the circumstances, we know of no law that required the court to appoint a lawyer.
It appears to us that the judge was very patient in hearing petitioner’s complaint and objections, supra. The court carried on an illuminating colloquy with him to ascertain what relief petitioner wanted and also allowed the petitioner to state the facts and objections under oath. The court denied the petition.
The court went further and entered an appeal to this court, ordered a transcript, and provided him an attorney to present this appeal.
It appears to us that the denial of relief was correct. The time for appealing the homicide judgment had long since expired when appellant-defendant presented his petition, supra, to Judge Clark. The court no longer retained jurisdiction of the judgment. T. 13, § 119, Code of Alabama 1940, Recompiled 1958. The court was without jurisdiction to adjudge that the sentence run concurrently with the federal sentence.
Likewise, we know of no law which authorized the circuit court, in this case, to transfer the prisoner to the federal penitentiary for execution of his sentence there imposed. Even if the circuit court had jurisdiction, we would not disturb the court’s refusal to order the sentence to run concurrently with the federal sentence.
We do not think in a petition of this nature that the petitioner was entitled to an appointed attorney at the trial level. It appears though that the trial court well protected the petitioner in seeing that petitioner was given ample opportunity to present his case orally to the court and to get the facts in the record. T. 15, § 318(6), supplement 5 to Recompiled Code, 1958, has no application to this proceeding. The appointment of an attorney to perfect this appeal was a liberal gesture to appellant.
We hold that the judgment of the trial court in denying relief to appellant-defendant should be and is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.